384 A.2d 933

**COMMONWEALTH of Pennsylvania**

v.

**Terry Francis WERTZ, Appellant.**

Superior Court of Pennsylvania.

Submitted April 11, 1977.

Decided April 13, 1978.

Oliver E. Mattas, Jr., Altoona, for appellant.

William J. Haberstroh, Altoona, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

JACOBS, President Judge:

On June 1, 1976, appellant Terry Francis Wertz pleaded guilty to a charge of corruption of minors. He was sentenced to serve eleven to twenty-two months imprisonment. In this appeal, appellant's sole contention is that the sentence imposed was manifestly excessive under the circumstances and in light of the psychiatric evaluation and presentence investigation presented at the date of sentencing; [1] he challenges neither the legality of his sentence nor the propriety of the procedure whereby it was imposed. For the reasons developed below, we vacate the judgment of sentence and remand for resentencing.

It is well-settled that the sentence to be imposed upon a convicted defendant is within the broad discretion of the sentencing judge. *See Commonwealth v. Martin,* 466 Pa. 118, 351 A.2d 650 (1976). Here, however, we are unable to determine whether the sentencing judge abused his discretion. The record contains neither an opinion by the sentencing judge nor an articulation of the reasons for his sentencing decision. In these circumstances, we must vacate the judgment of sentence and remand for resentencing, together with instructions to the sentencing judge that he file a statement of reasons for the particular sentence imposed. *Commonwealth v. Riggins,* 474 Pa. 115, 377 A.2d 140 (1977).[2]

1. Appellant contends that more weight should have been given to his background and lack of prior record.

2. We recognize, albeit regrettably, that our Supreme Court's recent decision in *Commonwealth v. Kostka,* 475 Pa. 85, 379 A.2d 884

Judgment of sentence vacated and the case remanded for resentencing.

SPAETH, J., files a concurring opinion.

PRICE, J., dissents because he does not interpret *Commonwealth v. Kostka,* 475 Pa. 85, 379 A.2d 884 (1977), as requiring the application of *Riggins* to sentencings preceding its announcement.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

SPAETH, Judge, concurring:

I concur that the judgment of sentence must be vacated and the case be remanded for resentencing. I do not, however, find that "regrettabl[e]".

No aspect of the criminal justice system more deserves criticism than the process of sentencing. Many sentences are arbitrarily lenient, many others arbitrarily severe. By its decisions in *Commonwealth v. Riggins,* 474 Pa. 115, 377 A.2d 140 (1977), and *Commonwealth v. Martin,* 466 Pa. 118, 351 A.2d 650 (1976), the Supreme Court has expressed its determination that sentences must become more rational and just.

One should not suppose—as both the majority and dissent seem to suppose—that *Riggins* and *Martin* represent new law, which the Supreme Court has decided should be applied retroactively. The premise of indeterminate sentencing, which is Pennsylvania's system, has always been that the sentencing judge in formulating the sentence will take into account the nature of the crime and the character of the defendant. The responsibility of the Supreme Court and of this court to review the sentence has long been established by statutes. And finally, the responsibility of the sentencing judge to state the reasons for the sentence has long been established by rules of the Supreme Court and of this court. The authorities in support of these propositions are collected

(1977) leaves no doubt that *Riggins* is to be applied to sentencings preceding its announcement.

and discussed in *Riggins* and *Martin,* both by the Supreme Court and in dissent in this court. The difficulty has been that generally speaking, no one has paid much attention to these authorities. In *Riggins* and *Martin* the Supreme Court has decided that such inattention must stop. Rather than regret, we should welcome, and should do all we can to implement, the Court's decision.