389 A.2d 598

**COMMONWEALTH of Pennsylvania**

**v.**

**Keith Allen BOLYARD, Appellant.**

Superior Court of Pennsylvania.

Submitted March 13, 1978.

Decided July 12, 1978.

58

H. Stanley Rebert, First Assistant Public Defender, York, and John H. Chronister, Public Defender, York, for appellant.

Floyd P. Jones and Richard H. Horn, Assistant District Attorneys, and Donald L. Reihart, District Attorney, York, for Commonwealth, appellee.

Before JACOBS, President Judge, and HOFFMAN, CER-CONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court abused its discretion in imposing manifestly excessive sentences. Because the record does not contain sufficient information to allow our Court to assess this claim, we vacate the judgments of sentence and remand for resentencing.

On November 22, 1976, appellant pleaded guilty in the York County Court of Common Pleas to charges of aggravated assault,[1] attempted rape,[2] simple assault,[3] and indecent assault.[4] The aggravated assault charge stemmed from a June 27, 1976 incident in which appellant molested a one year old girl. The remaining charges derived from an August 6, 1976 sexual assault upon a seven year old girl. After accepting appellant's guilty pleas, the lower court ordered the York County Probation Department to conduct a presentence investigation and to arrange a complete psychiatric evaluation of appellant, including a psychiatrist's recommended disposition. On January 10, 1977, the lower court sentenced appellant to consecutive 5–10 year terms of imprisonment on the charges of attempted rape and aggravated assault; the court suspended sentence on the remaining two charges. The record does not contain a transcript of the sentencing proceedings, a copy of the pre-sentence report, or a copy of the psychiatric evaluation. After the docketing of the instant appeal, the lower court filed an opinion pursuant to Pa.R.A.P. 1925, in which it noted that

1. The Crimes Code, Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1, eff. June 6, 1973; 18 Pa.C.S. § 2702(a)(1).

2. The Crimes Code, supra; 18 Pa.C.S. §§ 3121, 901.

3. The Crimes Code, supra; 18 Pa.C.S. § 2701.

4. The Crimes Code, supra; 18 Pa.C.S. § 3126.

the sentences imposed were within the maximum limits provided by the Crimes Code.[5]

Appellant now contends that the lower court abused its discretion in imposing sentences of manifestly excessive duration. In particular, appellant maintains that the lower court ignored information contained in the pre-sentence report which indicated that appellant had serious emotional and intoxication problems. According to appellant, mental deficiencies and a deprived childhood accounted for his present criminal behavior and suggested that confinement in a state hospital rather than a state correctional institution would be the more appropriate disposition. In essence, appellant contends that the sentencing court abused its discretion because it did not pay sufficient attention to appellant's individual circumstances.

The Sentencing Code[6] codifies Pennsylvania's system of indeterminate and individualized sentencing. In imposing a sentence, a court may choose one or more of the following dispositions: (1) probation, (2) a determination of guilt without further penalty, (3) partial confinement, (4) total confinement, and (5) a fine.[7] In making its choice, the sentencing court ". . . shall follow the general principle that the sentence imposed should call for the minimum amount of confinement that is consistent with the protection of the public, the gravity of the offense, and the rehabilitative needs of the defendant."[8] This general principle, in turn,

5. Aggravated assault, as defined by 18 Pa.C.S. § 2702(a)(1), is a felony of the second degree and the maximum term of imprisonment is ten years. See The Crimes Code, supra; 18 Pa.C.S. § 1103. Attempted rape is a felony of the first degree, and the maximum term of imprisonment is twenty years. See The Crimes Code, supra; 18 Pa.C.S. §§ 3121, 905(a), 1103.

6. The Sentencing Code, Act of Dec. 6, 1972, P.L. 1482, No. 334, added, Act of Dec. 30, 1974, P.L. 1052, No. 345, § 1, effective in 90 days; 18 Pa.C.S. § 1301 et seq.

7. The Sentencing Code, supra; 18 Pa.C.S. § 1321(a).

8. The Sentencing Code, supra; 18 Pa.C.S. § 1321(b).

requires the sentencing court to focus upon two factors: "the particular circumstances of the offense and the character of the defendant." *Commonwealth v. Martin,* 466 Pa. 118, 133, 351 A.2d 650, 658 (1976). *See also* ABA Project on Minimum Standards of Justice, *Standards Relating to Sentencing Alternatives and Procedures,* § 2.2 (Approved Draft, 1968). Moreover, while *Martin* recognizes that the Pennsylvania system of indeterminate sentencing confers broad discretion upon the sentencing court, ". . . the court's discretion must be exercised within certain procedural limits, including the consideration of sufficient and accurate information." supra, 466 Pa. at 131–32, 351 A.2d at 657.

In *Commonwealth v. Riggins,* 474 Pa. 115, 377 A.2d 140 (1977), our Supreme Court once again addressed the issue of how to conform the sentencing process to Pennsylvania's requirement of individualized, indeterminate sentencing. The Court held that ". . . when a trial court imposes judgment of sentence, its reasons for the imposition of sentence should appear on the record." supra, 474 Pa. at 122, 377 A.2d at 143. "Without a statement of reasons on the record," the Court emphasized, "it is difficult to perceive how an appellate court can discern whether the trial court has exercised its discretion [in accordance with the principle of *Martin* ] . . . . Absent a statement of reasons, this Court will not be able to ensure that trial courts comply with the requirements of Pennsylvania's system of individualized sentencing." supra, 474 Pa. at 133 n. 24, 377 A.2d at 149, n. 24. *See also Commonwealth v. Kostka,* 475 Pa. 85, 379 A.2d 884 (1977).

In *Commonwealth v. Wertz,* 252 Pa.Super. 584, 384 A.2d 933 (1978), our Court applied the lessons of *Martin* and *Riggins.* In *Wertz,* appellant contended that in light of the psychiatric evaluation and presentence investigation report presented at the sentencing hearing, the sentence imposed was manifestly excessive. Because the record did not contain an articulation of reasons in support of the sentencing

decision, our Court could not determine whether the lower court had abused its discretion. Accordingly, we remanded for resentencing pursuant to *Riggins.*

■■ *Martin, Riggins,* and *Wertz* establish that an appellate court cannot determine whether a particular sentence is excessive and, therefore, constitutes an abuse of discretion unless it knows why the sentencing court imposed that sentence and what information it considered. In the instant case, the lower court has not stated any reasons supporting the sentences which it selected; instead, the court has merely informed us that the sentences do not exceed the statutory maximum. Moreover, the record does not contain a transcript of the sentencing proceedings, a copy of the presentence report, or a copy of the psychiatric evaluation which the lower court ordered. Simply put, the deficient state of the record precludes the meaningful appellate review of the sentencing process contemplated by our Supreme Court in *Martin* and *Riggins. See also Commonwealth v. Kostka,* supra. Accordingly, we vacate the judgments of sentence and remand the instant case to afford the lower court an opportunity to resentence appellant and to include a statement of reasons for the sentence imposed.[9]

Judgments of sentence vacated and case remanded for resentencing.

VAN der VOORT, J., concurs in the result.

PRICE and HESTER, JJ., dissent.

**9.** The result in *Riggins, Kostka,* and *Wertz,* supra, forecloses a remand for the sole purpose of permitting the lower court to articulate the reasons for its sentence.