421 A.2d 468

COMMONWEALTH of Pennsylvania

v.

William RUSCHEL, Appellant.

Superior Court of Pennsylvania.

Submitted Dec. 6, 1979.

Filed Aug. 15, 1980.

Jonathan Blum, Assistant Public Defender, Wilkes–Barre, for appellant.

Chester B. Muroski, District Attorney, Wilkes–Barre, for Commonwealth, appellee.

188

Before WICKERSHAM, BROSKY and EAGEN, JJ.*

PER CURIAM:

On March 19, 1979, appellant, William Ruschel, pleaded guilty to the charges of theft and criminal conspiracy to commit burglary. The court imposed a prison sentence of two and one–half years less one day to five years less one day to commence at the expiration of the prison sentence Ruschel was then serving.[1] He was ordered to pay the costs of prosecution and to serve the sentence in the Luzerne County Prison. This appeal followed.

Ruschel's sole claim is that the sentence was excessive. This issue has been waived.

Rule 302(a) of the Pennsylvania Rules of Appellate Procedure[2] provides that issues not raised in the trial court are waived and cannot be raised for the first time on appeal. Ruschel's complaint of sentence excessiveness was not raised until this appeal. It is therefore waived.

Prior to July 1, 1978, there was no established procedure for appellate review of a sentence within authorized limits.[3] In *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977), this matter was referred to the Procedural Rules Committee, and, as a result, Pa.R.Crim.P. 1410 was drafted and later adopted by the Supreme Court. This rule establishes the correct procedure for that review.[4]

The proper procedure to preserve a challenge to a sentence is to file in the trial court a written motion to

---

* Chief Justice MICHAEL J. EAGEN of the Supreme Court of Pennsylvania, is sitting by designation.

1. At this time, Ruschel had been recommitted for parole violations.

2. Pa.R.A.P. 302(a).

3. Ruschel does not contest the lawfulness of the sentence but merely the duration thereof.

4. Even before this procedural rule existed, the Supreme Court held in *Commonwealth v. Walls*, 481 Pa. 1, 4, 391 A.2d 1064, 1065 (1978), that a failure to object to the sentence during sentencing waived the issue.

modify sentence within ten days of the imposition of sentence.[5]  The purpose of this rule is to initially provide the sentencing court with the opportunity to modify the sentence.  This follows the general principle of *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974) that a specific, timely objection will insure a trial court an opportunity to correct its own errors and not place the appellate court in the position of deciding an issue on which the trial court has not ruled.

Since Pa.R.Crim.P. 1410 became effective on July 1, 1978 and Ruschel was sentenced on April 4, 1979, a motion to modify sentence was the proper procedure to preserve the issue of the excessiveness of the sentence.  Since Ruschel did not follow the procedure mandated by the rule, the issue has not been preserved.

Judgment of sentence affirmed.