424 A.2d 1336

COMMONWEALTH of Pennsylvania, Appellant,

v.

David MORRIS.

Supreme Court of Pennsylvania.

Argued Oct. 17, 1980.

Decided Feb. 5, 1981.

Steven H. Goldblatt, Deputy Dist. Atty., Gaele Barthold, Asst. Dist. Atty., Philadelphia, for appellant.

David L. Pollack, Philadelphia, for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

### OPINION OF THE COURT

LARSEN, Justice.

The instant appeal was brought by the Commonwealth of Pennsylvania from an order of the Superior Court, 273 Pa.Super. 477, 417 A.2d 748, which vacated the judgment of sentence imposed upon appellee David Morris following his conviction of voluntary manslaughter.[1] That Court, at No. 302 Special Transfer Docket, 1979, remanded the case to the trial court for an evidentiary hearing on appellee's allegation that trial counsel was ineffective for failing to request jury instructions on the crime of involuntary manslaughter.

Requested instructions on the offense of involuntary manslaughter should be given only in those homicide prosecutions "where the offense has been made an issue in the case and the trial evidence reasonably would support such a verdict." *Commonwealth v. White*, 490 Pa. 179, 185, 415 A.2d 399, 402 (1980) and *Commonwealth v. Williams*, 490 Pa. 187, 415 A.2d 403 (1980). In determining whether these requirements have been satisfied, the evidence is viewed in the light most favorable to the defendant. *Commonwealth v. Moore*, 463 Pa. 317, 321–22, 344 A.2d 850, 852 (1975);

1. Appellee was sentenced to a term of incarceration of not less than five nor more than ten years.

568

*Commonwealth v. Terrell,* 482 Pa. 303, 307, 393 A.2d 1117, 1119 (1978).

At trial in the instant case, appellee testified he had heard that the victim, one Robert Minor, was a dangerous and violent person, and that appellee's cousin was prostituting herself for Minor. Appellee discussed these allegations with his cousin, and she left the house very upset. When she did not return for several minutes, appellee followed and encountered Minor on the street outside. Minor punched and pushed appellee, who then walked away and continued his search for his cousin. Shortly thereafter, appellee encountered Minor again. Minor drew a knife, and appellee responded by taking a knife from his pocket as well. The two began swinging their knives at each other, and Minor then ran across the street holding his stomach. Appellee testified that he had not intended to kill Minor and, although he was not actually aware of it at the time, he assumed he had stabbed Minor with his knife.

"A person is guilty of involuntary manslaughter when as a direct result of the doing of an unlawful act in a reckless or grossly negligent manner, or the doing of a lawful act in a reckless or grossly negligent manner, he causes the death of another person." Act of December 6, 1972, P.L. 1482, No. 334, § 1, 18 Pa.C.S.A. § 2504(a). The foregoing testimony, if believed, arguably supports the conclusion that appellee unintentionally caused Minor's death while doing an unlawful act in a reckless or grossly negligent manner. See *Commonwealth v. Terrell, supra*; and *Commonwealth v. Polimeni,* 474 Pa. 430, 378 A.2d 1189 (1977) (Opinion announcing the judgment of the Court). The crime of involuntary manslaughter was, therefore, potentially at issue in the instant case,[2] and there was arguable

2. The Superior Court did not find it necessary to examine the evidence of involuntary manslaughter because, shortly before appellee's trial, this Court held that *every* person accused of homicide had a right to jury instructions on involuntary manslaughter upon request. *See Commonwealth v. Smith,* 474 Pa. 559, 379 A.2d 96 (1977). The Commonwealth, however, correctly points out that since this rule of law was discarded in *Commonwealth v. White, supra,* and *Common-*

merit to requesting instructions on that offense. It is thus necessary to inquire further into whether counsel had some reasonable basis designed to effectuate appellee's interests in agreeing not to proceed upon the information charging involuntary manslaughter and not requesting instructions on that crime.[3] *See Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604, 235 A.2d 349, 352 (1967). In applying this standard, the judgment of sentence will not be vacated if trial counsel's actions were within the realm of trial tactics or strategy. *Commonwealth v. Sullivan*, 450 Pa. 273, 299 A.2d 608, *cert. denied* 412 U.S. 923, 93 S.Ct. 2745, 37 L.Ed.2d 150 (1973).

The decision of whether or not to request jury instructions on involuntary manslaughter is a matter of trial strategy. *Commonwealth v. Musi*, 486 Pa. 102, 404 A.2d 378 (1979); *Commonwealth v. McGrogan*, 449 Pa. 584, 297 A.2d 456 (1972). By excluding the crime of involuntary manslaughter from the jury's consideration in a homicide prosecution, its alternatives are confined to finding a malicious or intentional killing within the meaning of Sections 2502 and 2503 of the Crimes Code, or an acquittal. In the instant case, if the jury had accepted appellee's assertion that he did not intend to stab and kill Minor, even though rejecting his claims of self-defense, it should have returned a verdict of not guilty of the crimes on which it had been instructed. On the other hand, had instructions on involuntary manslaughter been requested and given, this possibility of outright acquittal could have been foreclosed. The decision to exclude the offense of involuntary manslaughter from the

wealth v. *Williams, supra*, it would be illogical to order a new trial on account of the failure to request an instruction on involuntary manslaughter if the evidence did not warrant the instruction. This follows from the fact that the instruction would not now be given at the new trial, and there would merely be a repetition of the same instructions which were given at the first trial. Because we find the Commonwealth's argument to be meritorious, we decline to follow the approach taken by the Superior Court.

3. At the commencement of trial, the Commonwealth, with the approval of appellee's counsel, did not move to trial on the information charging involuntary manslaughter.

jury's consideration was not, therefore, without a reasonable objective basis designed to effectuate appellee's interests, and the Superior Court erred in vacating the judgment of sentence and remanding the case for an evidentiary hearing. *Commonwealth v. Musi, supra.*

Consequently, the order of the Superior Court vacating the judgment of sentence is reversed, and the judgment of sentence is reinstated.

ROBERTS, J., filed a dissenting opinion in which O'BRIEN, C. J., joined.

ROBERTS, Justice, dissenting.

In its haste to deny the accused any possibility of relief, the majority fails even to consider whether it has jurisdiction to review the order of the Superior Court now before it. That order merely remands the record for an evidentiary hearing to ascertain trial counsel's basis for failing to request an available instruction on involuntary manslaughter. I do not believe that jurisdiction exists and, hence, would dismiss allowance of appeal.

Absent here is a "final" order. The finality requirement, essential to this Court's authority to review, is well-stated in *Standard Pennsylvania Practice*:

> "An order, judgment, or decree is not final for purposes of appeal unless it terminates the litigation between the parties to the suit by precluding a party from further action in the court rendering such order, judgment, or decree."

Vol. 9, ch. 38 (Appeals in General) § 51 at 48 (rev. ed. 1962). This is not a case where an appellate court's remand has finally resolved an issue. Compare *Golden Triangle Broadcasting, Inc. v. City of Pittsburgh*, 483 Pa. 525, 527–28 n.4, 397 A.2d 1147, 1148 n.4 (1979) (Commonwealth Court remand contemplated "[n]o further proceedings" involving question presented on appeal). To the contrary, the remand order of the Superior Court would have afforded both parties ample opportunity to establish, before a proper fact-finding tribu-

nal, their respective positions regarding counsel's actual reasons for failing to request an involuntary manslaughter instruction. After the evidentiary hearing, the Commonwealth would have been entirely free to argue to the Superior Court that the alleged ineffectiveness is without foundation in fact, and that counsel had good reason not to request the involuntary manslaughter instruction. See, e. g., *Commonwealth v. McGrogan*, 449 Pa. 584, 297 A.2d 456 (1972). Thus I fail to see any justification for a conclusion that the order of the Superior Court remanding for an evidentiary hearing has in any respect "precluded further action." In this posture, allowance of appeal should be dismissed as improvidently granted.

That the majority's haste has caused it to overlook a serious jurisdictional concern becomes all the more apparent in the majority's analysis of the accused's ineffective assistance claim. The majority concludes that, even under its restricted view of when an instruction on involuntary manslaughter is available to the accused, see *Commonwealth v. White*, 490 Pa. 179, 415 A.2d 399 (1980), and *Commonwealth v. Williams*, 490 Pa. 187, 415 A.2d 403 (1980), an involuntary manslaughter instruction would have been available. However, without the evidentiary guidance which the order of the Superior Court properly would have provided, the majority goes on to conclude that, in failing to request an involuntary manslaughter instruction, counsel was seeking an acquittal.

It must be apparent that, by making a silent record speak, the majority has utterly failed to follow this Court's own basic tenets. It has been said many times, but apparently not often enough, that

"[t]his Court does not sit as a trier of fact, expecting to be persuaded that one or the other side is more credible. That is only a task for a trial court and we would never invade that area of the judicial process."

*Reed v. Universal C. I. T. Credit Corp.*, 434 Pa. 212, 217, 253 A.2d 101, 104 (1969). Surely the absence of counsel's actual reasons for failing to request an involuntary manslaughter

instruction, beyond question the proper focus under Pennsylvania's test of ineffective assistance of counsel, see *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967), provides all the more reason for dismissing allowance of appeal.

Because the order of the Superior Court fully permits proper development of the record, I would dismiss the appeal.

O'BRIEN, C. J., joins this dissenting opinion.