477 A.2d 555

**COMMONWEALTH of Pennsylvania**

v.

**Raymond MARTIN, Appellant.**

Superior Court of Pennsylvania.

Argued July 12, 1983.

Filed Feb. 3, 1984.

500

Francis M. Walsh, Assistant Public Defender, Norristown, for appellant.

J. William Ditter, III, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before CERCONE, President Judge, and HESTER, CAVANAUGH, WICKERSHAM, ROWLEY, WIEAND and POPOVICH, JJ.

ROWLEY, Judge:

Appellant entered guilty pleas to one count each of robbery, burglary, theft, criminal conspiracy, terroristic threats and unlawful restraint. He was sentenced to a term of imprisonment for not less than two nor more than ten years on the burglary charge and a consecutive term of ten years

probation for robbery. Sentence on all other counts was suspended. Appellant's motion for modification of sentence was denied without a hearing. He has filed a direct appeal to this court from the judgment of sentence.

The *sole* issue raised by appellant on appeal is whether "the sentence imposed [was] unduly harsh and excessive under the circumstances?" The case was scheduled for argument before the Court *en banc* to consider whether an excessive sentence claim *also* presents for our review, *as a separate issue,* the question whether the trial court "sufficiently articulate[d] his reasons for imposing sentence" pursuant to the Sentencing Code and *Commonwealth v. Riggins,* 474 Pa. 115, 377 A.2d 140 (1977). We affirm the judgment of sentence and hold that the excessiveness issue raised by appellant does not raise the sufficiency of the trial court's reasons for sentence as a separate and independent ground for relief.

## I.

This court has held that the trial judge has broad discretion in imposing sentence. *Commonwealth v. Rhodes,* 272 Pa.Super. 546, 416 A.2d 1031 (1979); *Commonwealth v. Johnson,* 235 Pa.Super. 185, 340 A.2d 515 (1975). If the sentence imposed is within statutory limits, there is no abuse of discretion, unless the sentence is manifestly excessive so as to inflict too severe a punishment. *Commonwealth v. Garrison,* 292 Pa.Super. 326, 437 A.2d 407 (1981); *Commonwealth v. Shoemaker,* 226 Pa.Super. 203, 313 A.2d 342 (1973). Absent an abuse of discretion, a sentence imposed by the trial court will not be disturbed on appeal. *Commonwealth v. Gillespie,* 290 Pa.Super. 336, 434 A.2d 781 (1981); *Commonwealth v. Campolei,* 284 Pa.Super. 291, 425 A.2d 818 (1981); *Commonwealth v. Landi,* 280 Pa.Super. 134, 421 A.2d 442 (1980).

In imposing sentence, the sentencing court must consider the particular circumstances of the offense and the character of the defendant in reaching its determination. *Commonwealth v. Giffin,* 279 Pa.Super. 264, 420 A.2d 1134

(1980); *Commonwealth v. Goldbard,* 276 Pa.Super. 193, 419 A.2d 161 (1980). That was done in this case.

A review of the entire record reveals the following facts. On January 18, 1981, at approximately 2:00 a.m., appellant and an accomplice entered the home of a seventy-three year old woman by breaking a basement window. The victim lived alone. In order to insure their isolation, appellant and his accomplice cut the telephone lines into the victim's home. Upon hearing noises coming from upstairs, the accomplice went upstairs and into the victim's bedroom. The accomplice told the victim to stay in bed and make no noise; he forcibly took a ring from her finger. Before departing, the burglars again told the victim not to move or make any noise and that someone would be downstairs listening to make sure she obeyed. In all, the victim was held in her bedroom for approximately two hours. Appellant and the accomplice stole approximately $20,000.00 worth of property, mostly jewelry and silverware. The victim has been unable to resume living in her home because of the fear created by the burglars.

At the time he committed these offenses, appellant was serving a five-year term of probation imposed after he had pled guilty to burglary in 1976. Prior to both the 1976 burglary and the present offense, appellant had been employed by the victims as a painter. After being permitted to enter and work in the victims' homes, he returned to burglarize them.

In addition to being familiar with the details of the offense the trial court was fully aware of appellant's background and character. The court had before it, and considered, a pre-sentence report to which no objection has been raised by appellant. The trial judge's comments show that he considered all of the factors relevant to the proper determination of a sentence: "the protection of the public, the gravity of the offense[s] as [they] relate to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). Appellant fails to show, and we have been

unable to find, that the trial court considered any improper or irrelevant material in imposing sentence.

██ Furthermore, on the facts of this case, it was not an abuse of discretion for the court to reject a sentence of probation or partial confinement. Probation had been imposed after appellant's earlier guilty plea and had proven to be an ineffective rehabilitative tool. In addition, the sentence imposed was well within the applicable statutory limits. Appellant faced a combined possible maximum term of imprisonment of up to sixty years and fines of up to $90,000.00. For the burglary and robbery alone, appellant could have been sentenced to a total of forty years and fines totalling $45,000.00. Appellant's sentence of from two to ten years for the burglary is also less than the "normal" term of five to ten years imprisonment for second offenders in Montgomery County.

██ In spite of these circumstances, appellant argues that the trial court improperly imposed an excessive sentence because (1) his crimes were related to a drug and alcohol addiction; (2) he has, since his arrest for these offenses, had substantial success in curing his addiction through therapy; (3) he freely admitted his complicity, returned the stolen property in his possession and worked closely with the authorities in their investigation and prosecution of his accomplice and the person who "fenced" the stolen goods; and (4) he has *offered* to make full restitution to the victim. The trial court, after considering each of these arguments, concluded that they did not sufficiently mitigate the other circumstances so as to justify a sentence of less than total confinement. In reaching that conclusion, the trial judge did not abuse his discretion. Neither drug nor alcohol addiction is legal justification for committing any crime. Also, appellant's *offer* of "full restitution" rings hollow. He worked for his father-in-law full time as a painter and plumber's helper for four months immediately prior to sentencing without making any payments on account of restitution to the victim. Furthermore, his rehabilitative efforts and his cooperation with the authorities, while com-

mendable, took place only after he was arrested for the instant offenses and was confronted with maximum sentences of sixty years. Furthermore, these two factors undoubtedly contributed to the less than "normal" sentence imposed by the trial court. We cannot say that the court was *required* to reduce that sentence still further.

■ Considering the *entire* record in this case, we are assured that appellant's sentence was individualized and fair. The sentence is well within the limits prescribed by statute. The Court did not overlook any pertinent facts or disregard the force of evidence in reviewing the circumstances of the crime and appellant's individual background. The court considered and made allowance for the gravity of the offense, appellant's rehabilitative needs, and the need to protect the public. In short, the court's sentence is not manifestly excessive and, there having been no abuse of discretion by the trial court in imposing it, we will not disturb it.

## II.

The suggestion is made, however, that the trial court's statement of reasons for the sentence imposed, standing alone, is inadequate under *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977), and for that reason the sentence must be vacated and the case remanded for resentencing. *Compare, Commonwealth v. Bachert*, 499 Pa. 398, 453 A.2d 931 (1982). We need not address that question, however, because we hold that it has not been properly preserved for review.

■ In certifying this case for *en banc* review, our Court was mindful of the suggestion contained in some recent panel opinions that the issue of manifest excessiveness of a sentence, properly preserved in the trial court and raised on appeal, *also* properly presents for appellate review, as a separate issue, the question of whether or not the trial court placed on the record at the time of sentencing an adequate statement of the reasons for the sentence im-

posed. *See: Commonwealth v. Smith*, 301 Pa.Super. 204, 447 A.2d 314 (1982) [Wieand, J., dissenting], and *Commonwealth v. Kraft*, 294 Pa.Super. 599, 440 A.2d 627 (1982) [Cavanaugh, J., concurring in the result]. We decline to approve the broad language of *Kraft* and *Smith*, however.

We are of the opinion that the decision of our Court in *Commonwealth v. Brown*, 288 Pa.Super. 171, 431 A.2d 343 (1981) correctly articulated the proper standard for reviewing a claim that the sentence imposed was excessive. In *Brown*, this Court refused to consider appellant's claim that the trial court had failed to give an adequate statement of reasons for the sentence as required by *Commonwealth v. Riggins, supra*. The Court held that such a claim was not included within the claim that his sentence was excessive. In *Brown*, the appellant had originally been convicted of possession with intent to deliver a controlled substance as well as with simple possession. The trial court arrested judgment on the charge of possession with intent to deliver and sentenced the appellant only on the conviction for simple possession. On appeal, the appellant raised, for the first time, two allegations of error which he had not specifically raised in the trial court. This court dismissed the appellant's arguments as having been waived, saying:

> Appellant's last two claims are that the trial judge improperly considered the conviction for possession with intent to deliver, which had been overturned, in sentencing on the conviction for simple possession, *and that the judge failed to give an adequate statement of reasons for the sentence,* as required by *Commonwealth v. Riggins, ....* While appellant filed a timely motion to modify sentence under Pa.R.Crim.P. 1410, the only issue raised in the motion, rephrased in various forms, was that the sentence was excessive. *Neither of the sentencing issues appellant now seeks to raise were included in that motion, and they are therefore waived.*
>
> *Id.*, 288 Pa.Superior Ct. at 175, 431 A.2d at 345 (footnote and citations omitted; emphasis added.)

Thus, it was clear, under *Brown*, that the so-called *Riggins* issue was not preserved for appellate review by merely claiming that the sentence was excessive. Interestingly, the sentence in the case before us was imposed on October 27, 1981, more than four months after the decision in *Brown* and prior to the decisions in *Smith* and *Kraft*.

The opinion in *Kraft* makes no reference to the decision in *Brown*. The only reference to *Brown* in the *Smith* opinion is contained in footnote 1, 301 Pa.Super. at 205, 447 A.2d at 315, where the Court said that *Commonwealth v. Brown, supra,* had been "implicitly overruled" by the Supreme Court of Pennsylvania in *Commonwealth v. Townsend,* 497 Pa. 604, 443 A.2d 1139 (1982). Initially, it should be noted that this statement is *dictum*. More importantly, however, we are of the opinion that *Brown* was *not* overruled by *Townsend*. In *Townsend* the Supreme Court *affirmed* a judgment of sentence of five to fifteen years for third degree murder. On appeal the *sole* issue raised was whether the sentence was excessive. In his opinion for a unanimous Court, Mr. Justice [now Chief Justice] Roberts said that since the record contained "a commendably complete picture of both the specific circumstances of appellant's offense and appellant's personal history" the Court was assured "that appellant's sentence was both individualized and fair". As a result the Court found "the sentence to have been well within the court's discretion". Thus, the Court in *Townsend* considered the *entire* "record", as we have done here. The record included not only the trial court's reasons for the sentence, but also included a pre-sentence report, the testimony of nine witnesses, and the information obtained by the sentencing judge when he had previously accepted appellant's plea. There is no suggestion in the opinion that the Court considered, as a separate issue, the adequacy of the trial court's reasons for the sentence. Interestingly, *Commonwealth v. Riggins, supra,* is not mentioned in *Townsend*. Therefore, *Kraft* and *Smith* are not controlling in the case before us. To the extent that they may be read to be in conflict with the

principles enunciated in *Brown*, which we approve, they are hereby overruled.

Moreover, the record in this case illustrates graphically the impropriety of allowing an appellant to raise for the first time on appeal, as a separate issue, the so-called *Riggins* issue when he has only challenged previously the alleged excessiveness of his sentence. Prior to the decisions in *Kraft* and *Smith*, it was uniformly acknowledged that sentencing errors not raised by specific exception in the court below were waived for purposes of appellate review. *Commonwealth v. Collins*, 492 Pa. 405, 424 A.2d 1254 (1981); *Commonwealth v. Walls*, 481 Pa. 1, 391 A.2d 1064 (1978); *Commonwealth v. Shoemaker*, 462 Pa. 342, 341 A.2d 111 (1975); *Commonwealth v. Ellison*, 293 Pa.Super. 329, 439 A.2d 136 (1981); *Commonwealth v. Brown*, 288 Pa.Super. 171, 431 A.2d 343 (1981); *Commonwealth v. Ruschel*, 280 Pa.Super. 187, 421 A.2d 468 (1980); *Commonwealth v. Morris*, 273 Pa.Super. 477, 417 A.2d 748 (1979), reversed on other grounds, 492 Pa. 565, 424 A.2d 1336 (1981). In *Commonwealth v. Ellison, supra*, this court explained the need for raising, before the trial court, alleged errors in a post-sentence motion to modify the sentence.

Pa.R.Crim.P. 1410 requires that a motion to modify a sentence be in writing and be filed within ten days after the imposition of sentence. The comment to Rule 1410 states that "[t]his rule provides a procedure whereby a motion to modify sentence *must be raised* in the first instance before the sentencing court, thereby giving that court the first opportunity to modify the sentence." (Emphasis added.) Moreover, Pa.R.Crim.P. 1405(c) requires, inter alia, that the judge at the time of sentencing advise the defendant that he has the right to challenge the propriety of his sentence, and that only claims raised in the lower court may be raised on appeal. Read together, these rules require that challenges to the propriety of a sentence must be raised in the lower court or the claim will be waived on appeal. These rules reflect the princi-

ple that the lower court should be given the opportunity to correct its errors and these rules are in accord with the rule that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302. Finally, numerous cases have held that *failure to raise particular issues at the time of sentencing or in a motion to modify sentence results in waiver on appeal. Id.* 293 Pa.Super. at 332–333, 439 A.2d at 138 (citations omitted; emphasis added).

Cf. *Commonwealth v. Holmes,* 315 Pa.Super. 256, 461 A.2d 1268 (1983).

In the case before us, appellant did not raise before the trial court the claim that the trial court did not adequately state the reasons underlying the sentence it chose. Moreover, he did not raise it as a separate issue in the statement of questions contained in his appellate brief before us. If as in *Commonwealth v. Brown, supra,* an appellant is barred from raising the issue for the first time on appeal, an appellant who *never* raises the issue at all, either in the trial court *or on appeal,* should likewise be precluded from having that issue reviewed. To raise an issue concerning the adequacy of the statement of reasons for the sentence imposed under a claim of excessiveness is contrary to the well-founded traditional requirement that the specific error allegedly requiring correction be first raised before the trial court. The excessiveness claim pressed both here and in the trial court does not provide adequate notice to either the trial court or the Commonwealth of any claimed deficiency in the trial court's statement of reasons.

The rationale for the requirement that issues not presented to the trial court are waived was forcefully set forth by Mr. Justice Nix in *Commonwealth v. Waters,* 477 Pa. 430, 434–435, 384 A.2d 234, 236–237 (1978):

The requirement of specific written motions is intended to enhance the quality of review at both the trial and appellate levels. At the trial level, counsel's precise statement of issues and grounds relied upon in written forms insures that both the trial court and the Commonwealth will

have adequate notice of the legal theories being advanced. Thus the prosecution is better able to respond and the court has the benefit of the issues being clearly defined. Such practice should foster alert and zealous advocacy and encourage reflective and reasoned judgments by the court in the resolution of the questions raised.

The post-verdict review was developed in recognition of the stress and pressures surrounding trial rulings. Its purpose was to provide a more objective setting for review of disputed trial rulings prior to the commencement of appellate review. As we have noted, if a new trial is necessary, it may be granted by the trial court without subjecting both the litigants and the courts to the expense and delay inherent in appellate review. Furthermore, where the party litigants are satisfied that there has been a meaningful review below they are less likely to resort to the appellate process except in those cases where there exists substantial questions of law to be resolved. The decrease in meritless appeals obviously advances the orderly and efficient use of our judicial resources.

Also, at the appellate level, written motions which have been filed and made part of the record provide a precise basis for determining the issues contested at the trial level. Failure to specify in writing the reasons urged in support of motions for a new trial and in arrest of judgment complicates the appellate task of determining whether alleged trial errors have been properly preserved for appellate review.

Where boiler plate variety motions are filed, it is often difficult, if not impossible, to determine with precision the issues actually argued before the court below. The trial court's opinion may not refer to all questions touched upon in oral argument; the trial court may *sua sponte* address an issue not presented by the parties; and finally, the court may misperceive the issue actually urged by the party.

> In sum, the insistence upon the requirement of specific written post-verdict motions in accordance with Rule 1123(a) enhances the quality of review; encourages professional advocacy; discourages pursuit of frivolous claims; and promotes judicial economy. (Citations, quotations and footnotes omitted.)

These comments are as relevant in the matter under consideration as they were in the context in which they were delivered.

The course of argument and rebuttal which has taken place in this litigation is a prime example of why a specificity requirement is necessary. Appellant's argument, in support of his claim that the sentence was excessive, was that the trial court erred in failing to give adequate weight to several factors as noted above. Thus, appellant did not focus on or discuss the *adequacy of the reasons* stated by the trial court on the record. Appellant's argument was essentially that, as a matter of law, on the record before us the trial court could not have found him to be a proper candidate for incarceration.

In response, the Commonwealth likewise eschewed all discussion of whether or not *adequate reasons* were placed on the record by the trial court. Rather, all of the Commonwealth's argument was devoted to a recapitulation of those record facts which showed that the trial court was correct in concluding that appellant was a proper subject for incarceration. The Commonwealth correctly pointed out that appellant stole a large amount of property from a seventy-five year-old woman who had, in effect, reposed a trust in appellant by permitting him inside her home to paint it. The victim was so thoroughly intimidated by this experience that she cannot return to her home. Furthermore, the appellant had a prior record of convictions, one of which was a burglary carried out in the same methodical fashion in which this crime took place. Finally, at the time of the commission of his offense in this case, appellant had not yet completed the five-year probationary term imposed by the court after the earlier burglary conviction. Thus, the Com-

monwealth did not feel that an argument on the *Riggins* issue was necessary.

Finally, the trial court's opinion does not contain a citation to *Riggins*, let alone any discussion of that issue. The trial court's opinion is framed in the same fashion as were the arguments of appellant and the Commonwealth. It addresses the *limits* of its discretion and the correctness of its decision to incarcerate appellant. The court did not address the *reasons* for exercising its discretion. We should rightfully pass only upon those claims that are actually preserved and presented by the parties. The state of this record convinces us that appellant not only failed to preserve and present a *Riggins* issue, but also that he never had the slightest intention of ever doing so. Thus, there is no reason for us to raise the issue ourselves, or allow it to be raised at this late date, as a separate and independent ground for relief.

█ In conclusion, we specifically reject the suggestion of cases such as *Commonwealth v. Kraft, supra,* and *Commonwealth v. Smith, supra,* that it is proper to reach a *Riggins* issue when that issue has not been raised specifically both before the trial court and before this Court. If the defendant fails to raise a *Riggins* issue specifically at both stages, the issue is waived. Furthermore, if, in the context of an excessive sentence claim, we can determine from the entire record before us, that the sentence imposed was not excessive and there was no abuse of discretion, as we have done in the instant case, the inquiry is at an end. We will not assess the adequacy of the reasons offered by the trial court in support of the sentence imposed, nor will we, in that context, remand for further elaboration by the trial court, even though the reasons, *by themselves,* may not be sufficiently detailed under *Riggins* and, if properly challenged, would prove insufficient to support the sentence.

Judgment of sentence affirmed.

WIEAND, J., concurs in the result.

POPOVICH, J., filed a dissenting statement.

POPOVICH, Judge, dissenting:

Just five years ago, this Court in a *unanimous* en banc opinion (Spaeth, J., joined by Jacobs, Cercone, Price, Van der Voort, and Hester, JJ.)[1] rejected the position espoused today by a majority of this same Court when it said the following:

> "In determining whether the sentencing judge has abused his discretion by imposing a manifestly excessive sentence *we must review the judge's reasons for imposing the sentence.   See Commonwealth v. Kostka*, 475 Pa. 85, 379 A.2d 884 (1977); *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1970); *Commonwealth v. Bolyard*, 256 Pa.Super. 57, 389 A.2d 598 (1978) (7/12/78); *Commonwealth v. Wertz*, 252 Pa.Super. 584, 384 A.2d 933 (1978)." *Commonwealth v. Valentin*, 259 Pa.Super. 496, 500, 393 A.2d 935, 937 (1978).   (Emphasis added).

In *Valentin*, the only issue raised was whether "the sentence was manifestly excessive." *Id.*, 259 Pa.Superior Ct. at 500, 393 A.2d 936.   In fact, this Court specifically noted that "[a]ppellant has not asserted that the court's reasons were improper or inadequate." *Id.*, 259 Pa.Superior Ct. at 500 n. 3, 393 A.2d at 936–7 n. 3.   (Citations omitted).

Five years later, the majority is presented with the same issue and reaches the opposite result.   In doing so, the Court *en banc* overrules *Commonwealth v. Valentin, supra*, and its progeny without addressing the more basic question of why the rule of law which this Court recently pronounced in *Valentin* was in error.   Because, in this writer's view, the Superior Court's decision in *Valentin* was not an error in the law which was in need of correction, I must dissent.

**1.**  Judge Hoffman did not participate in the consideration or decision of the case.