J-S54009-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICA HARVEY SAUNDERS | |
| Appellant | No. 204 MDA 2014 |

Appeal from the Judgment of Sentence December 31, 2013
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0002157-2008

BEFORE:  LAZARUS, J., MUNDY, J., and STABILE, J.

MEMORANDUM BY LAZARUS, J.                    **FILED OCTOBER 27, 2014**

Mica Harvey Saunders appeals from the judgment of sentence imposed by the Court of Common Pleas of Lancaster County following revocation of his probation.  After a careful review of the record, we affirm.

The trial court set forth the facts of this case as follows:

On November 6, 2008, . . . Saunders pled guilty before the Honorable Michael J. Perezous to four counts of indecent exposure and four counts of open lewdness and received an aggregate sentence of two years of probation.  At the guilty plea hearing, [Saunders] admitted to exposing his penis in public to two women and to rubbing it in a circular motion.

Less than one year into his sentence, [Saunders] violated his probation by being unsuccessfully discharged from his court mandated sex offender treatment.  Several months later, on December 7, 2009, [Saunders] violated his probation a second time by frequenting a place where children congregated.  On December 13, 2010, [Saunders] violated his probation by missing an appointment and by being discharged, once again, from sex offender treatment.  After his third violation,

[Saunders] was sentenced to nine to twenty-three months of incarceration.

On September 25, 2013, [Saunders] appeared before this Court for a probation violation hearing on his fourth violation, the matter which is the subject of the instant appeal. At the hearing, Dr. Suzanne Ashworth, a psychotherapist, testified that [Saunders] had been discharged from sex offender treatment with Commonwealth Clinical Group. This was [Saunders'] third violation for being discharged from sex offender treatment, and exhausted all treatment provider options approved by the Lancaster County Court of Common Pleas.

Dr. Ashworth stated that [Saunders] was discharged for persistently being dishonest about his sexual behavior, having thoughts of minors for masturbatory reasons, photographing his penis, and failing to disclose information about contact with a female coworker. [Saunders] admitted to these behaviors after failing a polygraph exam that he was administered as part of his treatment. Dr. Ashworth also informed the Court that all three therapists at her agency believed [Saunders] should be incarcerated until he was able to adapt to treatment in order to prevent him from having a hands-on victim. Following the hearing, the Court found that [Saunders] violated the terms of his supervision, revoked his probation, and ordered a pre-sentence investigation report.

On December 31, 2013, a sentencing hearing was conducted on [Saunders'] probation violation. At the hearing, the Court resentenced [Saunders] to a total aggregate sentence of one and one half to three years of incarceration.

On January 9, 2014, [Saunders] filed a post sentence motion for arrest of judgment, motion for a new trial and motion to modify sentence. On January 30, 2014, before the court had the opportunity to rule on the motion, [Saunders] appealed to the Superior Court, divesting this court of jurisdiction.

Trial Court Opinion, 3/20/14, at 1-3 (citations omitted).

On appeal, Saunders claims that this sentence constituted an abuse of discretion because the length of incarceration was manifestly unreasonable

under the circumstances and the record evidences the court's bias or ill will towards him.

Before this Court may hear an appeal concerning the discretionary aspects of a sentence, an appellant must: (1) file a timely notice of appeal, (2) properly preserve the issue at sentencing or in a motion to reconsider and modify sentencing, (3) provide in his brief a concise statement of the reasons relied upon for relief, pursuant to Pennsylvania Rule of Appellate Procedure 2119(f), and (4) present a "substantial question" as to whether the sentence appealed from is not appropriate under the Sentencing Code. 42 Pa.C.S. § 9781(b); *Commonwealth v. Phillips*, 946 A.2d 103, 112 (Pa. Super. 2008).

Saunders has satisfied all of these requirements. He preserved the issue for appeal by filing a post-sentence motion to modify sentence within ten days of the original sentence. The notice of appeal was timely filed within thirty days of the resentencing in accord with Pennsylvania Rule of Criminal Procedure 708, under which the filing of a post-sentence motion does not toll the appeal period. *Commonwealth v. Parlante*, 823 A.2d 927, 929 (Pa. Super. 2003). Saunders has included in his brief a concise statement pursuant to Pa.R.A.P. 2119(f). Finally, because a sentence of total incarceration exceeding the original sentence was imposed for a technical violation of probation, we find that a substantial question has been raised. *Commonwealth v. Sierra*, 752 A.2d 910, 913 (Pa. Super. 2000).

Initially we note that imposition of a sentence of total incarceration was within the trial court's discretion. The sentencing alternatives available to the court upon revocation of probation are "the same as were available at the time of initial sentencing." 42 Pa.C.S. § 9771(b). A court may impose a sentence of total confinement if it finds that "the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or . . . such a sentence is essential to vindicate the authority of the court." 42 Pa.C.S. § 9771(c). If confinement is warranted, the judge shall select an appropriate length of sentence that is "consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). Therefore, we turn to examine Saunders' claim that the trial court abused its discretion in sentencing him to one and one half to three years of incarceration.

Sentences imposed by trial courts following a revocation of probation will not be disturbed upon appeal unless the trial court abused its discretion. *Commonwealth v. Coolbaugh*, 770 A.2d 788, 792 (Pa. Super. 2001). Trial courts are in the best position to weigh various relevant factors, including the defendant's character and the gravity of the offense, and therefore their selections of sentencing alternatives are accorded great weight. *Commonwealth v. Fries*, 523 A.2d 1134, 1135 (Pa. Super. 1987).

To establish an abuse of discretion, an appellant "must establish, by reference to the record, that the sentencing court ignored or misapplied the

law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." ***Commonwealth v. Rodda***, 723 A.2d 212, 214 (Pa. Super. 1999). "If the sentence imposed is within statutory limits, there is no abuse of discretion, unless the sentence is manifestly excessive so as to inflict too severe a punishment." ***Commonwealth v. Martin***, 477 A.2d 555, 501 (Pa. Super. 1984).

Saunders' brief, although not explicitly clear, makes two claims, which will be analyzed separately. He first claims that the sentence of one and a half to three years of incarceration is manifestly excessive under the circumstances. We disagree.

Judge Wright imposed a sentence that was within the statutory guidelines for Saunders' probation violation. This violation was one in a series of Saunders' probation violations, and his fourth probation violation in under five years. Saunders' discharge from Commonwealth Clinical Group was his third violation of probation for being discharged from court-approved sex offender treatment programs, thereby exhausting all Lancaster County treatment options available to him.

The court heard testimony from Dr. Susan Ashworth, a psychotherapist with the Commonwealth Clinical Group, who stated that Saunders was discharged from the treatment program for withholding information necessary for treatment and repeatedly violating the rules and procedures of the clinic. She testified that Saunders failed to disclose inappropriate fantasies of raping minors, accurate information regarding

contact with a female coworker, and past sexual harassment allegations. Because Saunders continually relied upon activities associated with a cycle of abuse, such as photographing his penis, masturbating to thoughts of minors, and flirting with women, Dr. Ashworth recommended that Saunders be confined until he could successfully complete treatment. According to Dr. Ashworth, all three therapists at her treatment group agreed that confinement was appropriate considering Saunders' behavior.

Further testimony from a probation officer, Mr. Auker, added weight to this recommendation. As a probation officer with the sex offender unit for the past nine years, Mr. Auker testified that Saunders' discharge from all three court-approved sex offender treatment programs placed him in a highly unusual category of sex offenders. In Mr. Auker's experience, Saunders' dishonest behavior mirrored that of other sex offenders who had moved from internal fantasies to seeking hands-on victims.

Given Saunders' repeated violations of the terms of his probation, and his demonstrated refusal or inability to amend his conduct through treatment, Judge Wright's sentence of one and one half to three years' incarceration was not manifestly excessive. The record shows that Judge Wright considered all relevant evidence and circumstances in making a sentencing determination, including the report of Saunders' expert, psychologist Dr. Timothy Foley, who recommended that, as an alternative to incarceration, Saunders be referred for psychiatric assessment and placed on an antidepressant regimen.

Under the circumstances of this case, it was reasonable for Judge Wright to conclude that total incarceration was necessary to protect the public and validate the authority of the court. The length of sentence is within the statutory guidelines for the original crime, and is tailored to the rationale of confining Saunders so that he can receive sex-offender treatment in a secure location. Therefore, because the sentence was not manifestly excessive, Judge Wright did not abuse his discretion with respect to sentence selection. 42 Pa.C.S. §9721(b).

Saunders next claims that the record shows that the judgment exercised by Judge Wright was the product of bias or ill will, and therefore constitutes an abuse of discretion. He alleges the harsh language in the trial court opinion shows that Judge Wright failed to evaluate fairly his claim that Dr. Ashworth falsely stated that Saunders had "failed" his polygraph test while enrolled in the sex offender program. We reject this claim.

While the tone of Judge Wright's language is perhaps harsh, it is clear, when read in context with the substance of Saunders' claim at the sentencing hearing, that Judge Wright's response is simply a strongly worded rejoinder. Although Saunders was technically correct to note that Dr. Ashworth misspoke when she testified that Saunders "failed" his polygraph exam, this does not attenuate the uncontested nature of her testimony, as well as other witness testimony, that shows that Saunders was dismissed from his third sex offender treatment program for noncompliant behavior. Judge Wright's strong comments merely indicate his justifiable

conclusion that Saunders' claim did not undermine the strength and validity of Dr. Ashworth's testimony as a whole. They do not evidence bias or ill will towards Saunders.

For the foregoing reasons, we conclude that the trial court did not abuse its discretion when sentencing Saunders.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/27/2014