J-S50023-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RAYMOND W. SHELTON | |
| Appellant | No. 1343 MDA 2015 |

Appeal from the Judgment of Sentence entered June 29, 2015
In the Court of Common Pleas of Adams County
Criminal Division at No: CP-01-CR-0000732-2014; CP-01-CR-0001196-2014

BEFORE:  MUNDY, STABILE, and FITZGERALD,[*] JJ.

MEMORANDUM BY STABILE, J.:                          **FILED JULY 22, 2016**

Appellant, Raymond W. Shelton, appeals from the judgment of sentence entered in the Court of Common Pleas of Adams County, following his convictions of theft by deception and bad check.[1]  Appellant's counsel has filed a petition to withdraw, alleging that this appeal is wholly frivolous, and has filed a brief pursuant to **Anders v. California**, 386 U.S. 738 (1968) and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  Upon review, we affirm Appellant's judgment of sentence, and grant counsel's petition to withdraw.

---

[*] Former Justice specially assigned to the Superior Court.

[1] Respectively, 18 Pa.C.S.A. § 3922(a)(1), graded as a felony of the third degree, and 18 Pa.C.S.A. § 4105(a)(1), graded as a misdemeanor of the second degree.

The trial court summarized the relevant background information as follows.

On April 6, 2015, Appellant appeared before the [c]ourt with counsel and entered pleas of guilty to theft by deception and bad check. The pleas were entered and accepted by the [c]ourt without any sentencing agreement. A pre-sentence investigation was ordered. Sentencing ultimately occurred on June 29, 2015. Based on the information contained in the pre-sentence investigation and the comments of the Appellant and counsel, Appellant was sentenced on the theft by deception conviction to serve no less than one and a half nor more than five years in a state correctional institution. On the bad check conviction, the Appellant was sentenced to serve no less than one year nor more than two years in a state correctional institution. The sentences were imposed consecutively to each other and consecutive to a sentence the Appellant was serving in the state of Maryland.

Prior to imposing sentence, the sentencing court noted relevant information in the pre-sentence investigation which indicated Appellant had been convicted on at least 45 prior occasions for similar conduct. At that time, the Court opined that efforts at rehabilitation have obviously proved to be unsuccessful. Nevertheless, the sentencing court exercised restraint as the sentences which were imposed fell within the sentencing guidelines. Specifically, the pre-sentence investigation revealed that the theft conviction carried an offense gravity score of five and a prior record score of five which provided for a standard minimum range of 12 to 18 months.[2] The bad check conviction carried an offense gravity score of two which, when coupled with a prior record score of five, revealed a standard minimum sentencing range of 1 to 9 months with an aggr[av]ated range of up to 12 months.

Trial Court Opinion (T.C.O.), 11/19/15, at 1-2.

_____

[2] A third degree felony has a maximum of seven years. 18 Pa.C.S.A. § 1103(3).

Appellant timely filed a post-sentence motion for modification of his sentence, which the trial court denied. On July 31, 2015, Appellant timely filed a notice of appeal. The trial court and Appellant complied with Pa.R.A.P. 1925.

Appellant's counsel filed in this Court a motion to withdraw as counsel along with an **Anders** brief, wherein counsel raises one issue for our review: "Whether the lower court abused its discretion in sentencing Appellant to the aggravated range on one case and the top of the standard guidelines on the other, for an aggregate of two and a half (2 ½) to seven (7) years in state prison." **Anders** Brief at 6.

We must first address counsel's petition to withdraw before reviewing the merits of Appellant's appeal. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (en banc). It is well-established that, in requesting a withdrawal, counsel must satisfy the following procedural requirements: 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) provide a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel, proceed pro se, or raise additional arguments that the defendant considers worthy of the court's attention. **Commonwealth v. Lilley**, 978 A.2d 995, 997 (Pa. Super. 2009).

Instantly, counsel's petition to withdraw from representation provides that counsel reviewed the record and concluded that the appeal is frivolous.

- 3 -

Furthermore, counsel notified Appellant that he was seeking permission to withdraw and provided Appellant with copies of the petition to withdraw and his **Anders** brief. Counsel also advised Appellant of his right to retain new counsel, proceed *pro se*, or raise any additional points he deems worthy of this Court's attention. Accordingly, we conclude that counsel has satisfied the procedural requirements of **Anders**.

We next must determine whether counsel's **Anders** brief complies with the substantive requirements of **Santiago**, wherein our Supreme Court held:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361. Here, our review of counsel's brief indicates that he has complied with the briefing requirements of **Santiago**. We, therefore, conclude that counsel has satisfied the minimum requirements of **Anders**/**Santiago**.

Once counsel has met his obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the

appeal is in fact wholly frivolous." **Id.** at 355 n.5. Thus, we now turn to the merits of Appellant's appeal.

Appellant challenges only discretionary aspects of his sentence. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." **Commonwealth v. Allen**, 24 A.3d 1058, 1064 (Pa. Super. 2011). As this Court explained in **Allen**,

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

**Id.**

As Appellant has satisfied the first three requirements, we must determine whether Appellant has presented a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. "The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." **Commonwealth v. Prisk**, 13 A.3d 526, 533 (Pa. Super. 2011). "An appellant making an excessiveness claim raises a substantial question when he sufficiently articulates the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." **Commonwealth v. Raven**, 97 A.3d 1244, 1253

(Pa. Super. 2014), *appeal denied,* 105 A.3d 736 (Pa. 2014) (internal citations and quotations omitted). However,

> [i]f the sentence imposed is within statutory limits, there is no abuse of discretion, unless the sentence is manifestly excessive as to inflict too severe a punishment. Absent an abuse of discretion, a sentence imposed by the trial court will not be disturbed on appeal.[3] In imposing sentence, the sentencing court must consider the particular circumstances of the offense and the character of the defendant in reaching its determination.

***Commonwealth v. Martin***, 477 A.2d 555, 557 (Pa. Super. 1984) (citations omitted).

Appellant argues his sentences, although within the guidelines, were based primarily on his prior record, which was already factored into the guidelines. ***Anders*** Brief at 10. Appellant also argues there were mitigating circumstances and he took responsibility for actions so he "should have received some benefit for not going to trial." ***Id.*** at 11. Appellant also points out the Commonwealth only requested a sentence of one to three years in state prison. ***Id.*** Appellant further argues he raises a substantial question, asserting "the aggregate sentence of two and a half (2½) to seven

---

[3] "In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." ***Commonwealth v. Zirkle***, 107 A.3d 127, 132 (Pa. Super. 2014), appeal denied, 117 A.3d 297 (Pa. 2015).

(7) years is not consistent with the gravity of the violation, the need for public protection, and the defendant's needs for rehabilitation." ***Id.***

As Appellant acknowledges, he was sentenced within the guidelines on both of his convictions. In sentencing him, the trial court based its sentencing scheme on Appellant's threat to public safety and his history of repeated failures at rehabilitation, stating, "Your claims of you're tired of breaking the law really are hollow. A number jumps off the sheet, quite frankly, I've never seen one so high as 45 criminal convictions," and "[Appellant] has 45 prior convictions for similar conduct. Efforts at rehabilitation have obviously proved to be unsuccessful." N.T. Sentencing, 6/29/15, at 6-7; T.C.O., 11/19/15, at 1-4. Accordingly, Appellant's sentence was not "manifestly excessive as to inflict too severe a punishment" and Appellant has not demonstrated an abuse of the trial court's discretion. ***See Martin***, 477 A.2d at 557-58 (Sentence not manifestly excessive when within guidelines and trial court considered case's circumstances, gravity of offense, appellant's rehabilitative needs, and protection of public.) As such, Appellant fails to raise a substantial question for our review.

We have conducted an independent review of the record and addressed Appellant's arguments on appeal. Based on our conclusions above, we agree with counsel that the issue Appellant seeks to litigate in this appeal is wholly frivolous. Also, we do not discern any non-frivolous issues that Appellant could have raised. We, therefore, grant counsel's petition to withdraw and affirm the judgment of sentence.

Judgment of sentence affirmed.  Petition to withdraw granted.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/22/2016