439 A.2d 136

**COMMONWEALTH of Pennsylvania,**

**v.**

**Richard ELLISON, Appellant.**

Superior Court of Pennsylvania.

Submitted March 21, 1980.

Filed Dec. 18, 1981.

Petition for Allowance of Appeal Denied May 25, 1982.

Arthur J. King, Assistant Public Defender, Norristown, for appellant.

Ronald T. Williamson, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before PRICE, CAVANAUGH and WATKINS, JJ.

CAVANAUGH, Judge:

Defendant appeals from a sentence of confinement imposed after the court found him in violation of his probation for the second time. The defendant argues that the lower court committed various sentencing errors. We affirm.

In August, 1974 the defendant pled guilty to burglary, larceny, receiving stolen goods, and conspiracy to commit burglary; the Commonwealth nol prossed other charges against him. As a result he was sentenced to five years' probation.

In December, 1977 after a hearing defendant was found to have violated his probation since he had been convicted of another offense.[1] The court once again sentenced the defendant to five years' probation; it also ordered the defendant to undergo inpatient therapy for drug addiction.

In August, 1979 the court, after a hearing, found the defendant had once again committed a crime during probation. At the hearing it was shown that he had been arrested and charged with burglary, theft, receiving stolen property, conspiracy, possession of an instrument of a crime, and criminal mischief, but had not yet been tried on those charges. Based on the testimony produced at the hearing the court concluded that the defendant had committed a crime while on probation. It appeared to the court that the defendant had broken into a drug store, had fled after the alarm had sounded and had been apprehended in the vicinity of the crime.

After the hearing the court revoked probation and imposed a term of imprisonment of two to five years. Subse-

---

1. The petition for a hearing and request for issuance of a bench warrant alleged that the defendant was arrested for a violation of the "Controlled Substance Drug Device and Cosmetic Act" and for receiving stolen goods. Appellee alleges in its brief that the defendant pled guilty to a violation of the Drug Act.

quently the defendant timely filed a petition for modification of sentence. The petition was denied and this appeal followed.

■ Defendant argues that the sentencing record fails to show that the court considered the "five sentencing alternatives and the factors that weigh in favor of each." See 42 Pa.C.S.A. § 9721. Appellant's brief 9. He also argues that in revoking probation and imposing confinement the court failed to make the findings required by 42 Pa.C.S.A. § 9771(c).[2] The Commonwealth argues that these issues have been waived since they were not raised in defendant's petition for modification of sentence. We agree that these issues have been waived.

Pa.R.Crim.P. 1410 requires that a motion to modify a sentence be in writing and be filed within ten days after imposition of sentence. The comment to Rule 1410 states that "[t]his rule provides a procedure whereby a motion to modify sentence *must be raised* in the first instance before the sentencing court, thereby giving that court the first opportunity to modify the sentence." (Emphasis added). Moreover, Pa.R.Crim.P. 1405(c) requires, inter alia, that the judge at the time of sentencing advise the defendant that he has the right to challenge the propriety of his sentence, and that only claims raised in the lower court may be raised on appeal. Read together these rules require that challenges to the propriety of a sentence must be raised in the lower court or the claim will be waived on appeal. These rules reflect the principle that the lower court should be given the opportunity to correct its errors and these rules are in accord with the rule that "[i]ssues not raised in the lower court are

2. 42 Pa.C.S.A. § 9771(c) provides:
> (c) **Limitation on sentence of total confinement.**—The court shall not impose a sentence of total confinement upon revocation unless it finds that:
> (1) the defendant has been convicted of another crime; or
> (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
> (3) such a sentence is essential to vindicate the authority of the court.
> This section was previously found in 18 Pa.C.S.A. § 1371(c).

waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302. Finally, numerous cases have held that failure to raise particular issues at the time of sentencing or in a motion to modify sentence results in waiver on appeal. *E.g., Commonwealth v. Collins*, 492 Pa. 405, 424 A.2d 1254 (1981); *Commonwealth v. Anderson*, (682 Phila. 1980, J–1/1981, 1981) (collecting cases); *Commonwealth v. Morris*, 273 Pa.Super. 477, 417 A.2d 748 (1979) *rev'd on other grounds* 492 Pa. 565, 424 A.2d 1336 (1981).

In the instant case the petition to modify the sentence stated in pertinent part that "[c]ounselors have recommended that the petitioner continue his participation in the drug addiction program." This statement is insufficient to inform the lower court that it erred by not considering the "five sentencing alternatives and the factors that weigh in favor of each" thus that issue is not preserved for appeal.

The above-quoted statement from the petition to modify is also insufficient to inform the lower court that it erred by failing to make the findings required by 42 Pa.C.S.A. § 9771(c). Nevertheless our analysis does not end there. It may be argued that the imposition of a sentence of total confinement when there are no findings required by 42 Pa.C.S.A. § 9771(c) is an illegal sentence. If a sentence is illegal, it may be that the issue is not waived for failing to raise it in the lower court.[3] If we assume arguendo that an

3. It is not clear whether at the present time failure to raise the claim that a sentence is illegal in a motion to modify the sentence results in waiver on appeal. Before Pa.R.Crim.P. 1410 was effective, certain claims of illegal sentence were not waived for failure to present the issue in the lower court. *E.g., Commonwealth v. Walker*, 468 Pa. 323, 362 A.2d 227 (1976); *Commonwealth v. Albertson*, 269 Pa.Super. 505, 410 A.2d 815 (1979); *Commonwealth v. Turner*, 265 Pa.Super. 486, 402 A.2d 542 (1979); *Commonwealth v. Guenzer*, 255 Pa.Super. 587, 389 A.2d 133 (1978); *Commonwealth v. Reynolds*, 256 Pa.Super. 259, 389 A.2d 1113 (1978); *Commonwealth v. Betoni*, 254 Pa.Super. 26, 385 A.2d 506 (1978).

However, Pa.R.Crim.P. 1410 may require all challenges to a sentence, including claims of illegality, to be raised in a motion to modify sentence. As we have discussed earlier in this opinion when Pa.R. Crim.P. 1410 and 1405(c) are read together they require that chal-

issue of illegal sentence is not waived, we must consider whether the judge's failure to make the findings required by 42 Pa.C.S.A. § 9771(c) rendered the sentence of total confinement illegal.

 In the instant case the revocation hearing contains evidence from which the judge could have made one of the findings required by 42 Pa.C.S.A. § 9771(c). Specifically the judge could have found that the defendant would be likely to commit another crime or that total confinement was essential to vindicate the authority of the court. We hold that when the record contains evidence from which the judge could have made the findings required by 42 Pa.C.S.A. § 9771(c), the judge's failure to expressly make such find-

lenges to the propriety of a sentence must be raised in the lower court or the claim will be waived on appeal. Thus the question becomes whether the term "propriety" used in Pa.R.Crim.P. 1405(c) includes illegality. There is conflicting authority on this point. Pa.R.Crim.P. 1410 was promulgated in response to the Supreme Court's decision in *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140, 151 (1977). In *Riggins* the court held that the judge must state his reasons for imposing sentence and the court stated that "a defendant who seeks to challenge the propriety of his or her sentence should first present his or her claim to the trial court." *Id.*, 474 Pa. at 136, 377 A.2d at 151. In a concurring and dissenting opinion in *Riggins*, Justice Pomeroy suggests that propriety does not include illegality. *Id.*, 474 Pa. at 139 n.4, 377 A.2d at 152 n.4. Other authority, however, suggests that propriety does include illegality. At one time Pa.R.Crim.P. 321 provided, inter alia, when there is a guilty plea, challenges to the legality of the sentence must be made in the lower court within ten days. When Pa.R.Crim.P. 1410 was first promulgated this provision of Pa.R.Crim.P. 321 was deleted. Our Supreme Court has interpreted the deletion to Pa.R.Crim.P. 321 and the simultaneous promulgation of Pa.R.Crim.P. 1410 to mean that "[a]ttacks upon the legality of the sentence was provided for under [Pa.R. Crim.P.] 1410 . . . thus rendering the reference to such attacks in rule [Pa.R.Crim.P.] 321 superfluous. *Commonwealth v. Higgins*, 492 Pa. 343, 347 n.3, 424 A.2d 1222, 1224 n.3 (1980).

Moreover, the idea that challenges to the legality of the sentence must be made on the lower court is not new. Before Pa.R.Crim.P. 1410 was effective we stated that challenges to the legality of the sentence should be made in the lower court. *Commonwealth v. Brunner*, 243 Pa.Super. 55, 364 A.2d 446 (1976). Because of the conflicting views it is not clear whether failure to raise the claim that the sentence is illegal in a motion to modify a sentence results in waiver on appeal. As we discuss in the text we need not and do not decide this issue.

ings will not render a sentence of total confinement illegal. Since the sentence was not illegal in this respect, the defendant was obliged to raise this issue in his motion to modify.[4]

Although we hold that two of defendant's claims are waived, we shall consider the merits of defendant's claim that the sentence was harsh and excessive. We consider this argument only in light of defendant's statement in the motion to modify his sentence that counselors have recommended his continued participation in the drug addiction program.

The imposition of a proper sentence is a matter vested in the sound discretion of the trial court. *Commonwealth v. Edrington*, 490 Pa. 251, 416 A.2d 455 (1980). Moreover the sentence imposed must be the minimum punishment consistent with the protection of the public, the gravity of the offense and the rehabilitative needs of the defendant. *Commonwealth v. Edrington, supra*; 42 Pa.C. S.A. § 9721(b).

In the instant case the defendant was given probation twice for the same offense. The court had placed the defendant on probation initially, and also a second time when it permitted probation despite the defendant's first violation of probation by his conviction for a drug-related offense. In the instant violation of probation the court found the defendant's burglary of a drugstore indicated that he still had a problem with drugs and that he was not satisfactorily progressing in the drug program. In these circumstances we cannot say that the judge abused his discretion by failing to follow the recommendation of drug counselors that the defendant continue in the program, and by implication, be free from imprisonment; the judge was not obliged to follow the counselors' recommendation.

Order affirmed.

4. We also note that the defendant failed to include this issue in his statement of matters complained of on appeal." See Pa.R.A.P. 1925(b). Thus we do not have the benefit of the lower court's opinion on this issue.

PRICE, J., did not participate in the consideration or decision of this case.