**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RYAN WILLIAM BLACK | |
| Appellant | No. 588 WDA 2014 |

Appeal from the PCRA Order March 31, 2014
In the Court of Common Pleas of Allegheny  County
Criminal Division at No(s): CP-02-CR-0005582-2011,
CP-02-CR-0007250-2011

BEFORE:  GANTMAN, P.J., JENKINS, J., and MUSMANNO, J.

MEMORANDUM BY JENKINS, J.:                **FILED JANUARY 27, 2015**

Ryan Black ("Appellant") appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

On October 6, 2011, Appellant entered a negotiated guilty plea to one count of robbery[1] at Docket No. CP-02-CR-0007250-2001, and seven counts of forgery,[2] two counts of theft by deception,[3] and one count of receiving stolen property[4] at Docket No. CP-02-CR-0005582-2011.  The trial court

---

[1] 18 Pa.C.S. § 3701.

[2] 18 Pa.C.S. § 4101.

[3] 18 Pa.C.S. § 3922.

[4] 18 Pa.C.S. § 3925.

sentenced Appellant the same day to three (3) to six (6) years' incarceration and five (5) years' probation on the robbery conviction, and a concurrent sentence of one (1) to two (2) years of incarceration and two (2) years' probation on one of the forgery convictions.[5] Appellant did not file post-sentence motions or a direct appeal.

On October 4, 2012, Appellant filed a timely *pro se* PCRA petition.[6] The PCRA court appointed counsel, who filed an amended PCRA petition on April 19, 2013. The amended PCRA petition raised multiple claims all stemming from the notion that Appellant did not knowingly enter his guilty plea because trial counsel did not inform him that the trial court could impose the probationary portion of the sentence consecutive to the term of incarceration. **See generally** Amended PCRA Petition. The PCRA court conducted a hearing on December 4, 2013. After the hearing, on February 14, 2014, Appellant, through counsel, filed a "Motion for Leave to Amend Defendant's PCRA Petition to Raise Claim of Ineffectiveness of Counsel for Failing to Pursue [Justice Relative Services] "(JRS")] Mitigation Strategy".

_____

[5] The court imposed no further penalty on the remaining six forgery convictions, the theft by deception convictions, or the receiving stolen property conviction.

[6] Appellant's *pro se* PCRA petition alleged trial counsel provided ineffective assistance of counsel by not objecting to the consecutive nature of the probationary sentence imposed for his robbery conviction. **See** *Pro Se* PCRA Petition, p. 1. Appellant alleged that the sentence, by including a term of incarceration and a term of probation, represented two different sentences for the same crime, and was therefore illegal. **See id.** at 1-2.

The PCRA court denied the petition on March 31, 2014. Appellant timely appealed on April 11, 2014. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.[7]

On appeal, Appellant presents the following issues for our review:

I. Whether [Appellant's] guilty plea was lawfully induced due to ineffective assistance of trial counsel where: (A) counsel failed to inform Appellant that he could receive a consecutive sentence of probation; and, (B) counsel failed to pursue a mitigation strategy through JRS.

II. Whether [Appellant] was denied due process and effective assistance of counsel where the court failed to order a pre-sentence investigation report and failed to place on the record the reasons for dispensing with the pre-sentence investigation report in violation of P[a].R.C[rim].P. 702?

Appellant's Brief, p. 3.

Our well-settled standard of review for orders denying PCRA relief is "to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Barndt***, 74 A.3d 185, 191-192 (Pa.Super.2013) (internal quotations and citations omitted).

---

[7] The PCRA court's July 28 2014 Pa.R.A.P. 1925(a) opinion incorporated the court's March 31, 2014 Opinion and Order denying Appellant's petition in addition to including analysis of certain errors complained of in Appellant's 1925(b) statement.

Pennsylvania courts apply the ***Pierce***[8] test to review PCRA claims of ineffective assistance of counsel:

> When a petitioner alleges trial counsel's ineffectiveness in a PCRA petition, he must prove by a preponderance of the evidence that his conviction or sentence resulted from ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. We have interpreted this provision in the PCRA to mean that the petitioner must show: (1) that his claim of counsel's ineffectiveness has merit; (2) that counsel had no reasonable strategic basis for his action or inaction; and (3) that the error of counsel prejudiced the petitioner-i.e., that there is a reasonable probability that, but for the error of counsel, the outcome of the proceeding would have been different. We presume that counsel is effective, and it is the burden of Appellant to show otherwise.

***Commonwealth v. duPont***, 860 A.2d 525, 531 (Pa.Super.2004) (internal citations and quotations omitted). The petitioner bears the burden of proving all three prongs of this test. ***Commonwealth v. Meadows***, 787 A.2d 312, 319-320 (Pa.2001). "If an appellant fails to prove by a preponderance of the evidence any of the ***Pierce*** prongs, the Court need not address the remaining prongs of the test." ***Commonwealth v. Fitzgerald***, 979 A.2d 908, 911 (Pa.2010) (citation omitted).

Regarding claims of ineffective assistance of counsel during the plea process, this Court has stated:

---

[8] ***Commonwealth v. Pierce***, 527 A.2d 973 (Pa.1987).

A criminal defendant has the right to effective counsel during a plea process as well as during trial. The law does not require that appellant be pleased with the outcome of his decision to enter a plea of guilty. Instead, the defendant must show that counsel's deficient stewardship resulted in a manifest injustice, for example, by facilitating entry of an unknowing, involuntary, or unintelligent plea. The voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. Therefore, allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused appellant to enter an involuntary or unknowing plea.

*Commonwealth v. Bedell*, 954 A.2d 1209, 1212 (Pa.Super.2008) (internal citations, quotations, and brackets omitted).

"A valid plea colloquy must delve into six areas: 1) the nature of the charges, 2) the factual basis of the plea, 3) the right to a jury trial, 4) the presumption of innocence, 5) the sentencing ranges, and 6) the plea court's power to deviate from any recommended sentence." *Commonwealth v. Morrison*, 878 A.2d 102, 107 (Pa.Super.2005); Pa.R.Crim.P. 590, Comment. Additionally, a written plea colloquy that is read, completed and signed by the defendant and made part of the record may serve as the defendant's plea colloquy when supplemented by an oral, on-the-record examination. *Morrison*, 878 A.2d at 108 (*citing* Comment to Pa.R.Crim.P. 590). "[A] plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea." *Commonwealth v. Fluharty*, 632 A.2d 312, 315 (Pa.Super.1993). "Our law presumes that a

defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise." ***Commonwealth v. Pollard***, 832 A.2d 517, 523 (Pa.Super.2003) (internal citation omitted). The entry of a negotiated plea is a "strong indicator" of the voluntariness of the plea. ***Commonwealth v. Myers***, 642 A.2d 1103, 1106 (Pa.Super.1994).

Appellant's first claim alleges that his plea counsel provided ineffective assistance that resulted in a guilty plea that was not knowing, voluntary, and intelligent. ***See*** Appellant's Brief at 7-9. Appellant claims trial counsel's ineffectiveness induced him to enter an unknowing and unintelligent guilty plea because counsel failed to inform him that any probationary sentence imposed would run consecutive to his sentence of incarceration. ***See id.*** We disagree.

The record reveals Appellant understood the nature of the charges against him and the plea to which he was agreeing, and that he voluntarily and intelligently entered his guilty plea. At the outset of the guilty plea hearing, the prosecutor placed the terms of the agreement on the record as follows:

> [Prosecutor]: We have a plea agreement. The plea agreement is as follows: On 201107250, on the robbery charge, [Appellant] will be pleading guilty and sentenced to 3 to 6 years in state prison. On 201105582, seven forgery counts. A couple theft by deception, receiving stolen property counts.
>
> [Appellant] will be pleading guilty to the information there and sentenced to 1 to 2 years in state prison concurrent with the 3- to 6-year sentence ***and a period of probation set by the [c]ourt.*** There is $2,448 restitution at First Commonwealth

Bank and $300 restitution to a Saul Franklin on the robbery case.

N.T. 10/6/2011, pp. 2-3 (emphasis provided).[9] Thereafter, Appellant fully participated in his guilty plea colloquy, in which he indicated to the court that he understood the charges, the plea, and the proceedings and was satisfied with the representation of his counsel. *See id.* at 3-9; *see also Commonwealth v. McCauley*, 797 A.2d 920, 922 (Pa.Super.2001) (defendant is bound by statements he makes during plea colloquy, and may not assert grounds for withdrawing plea that contradict statements made when he pleaded guilty). Counsel also expressed his belief that Appellant understood what he was doing in executing the guilty pleas. *Id.* at 4.

Additionally, counsel and Appellant reviewed and completed a nine-page, 68-question written guilty plea colloquy in which Appellant confirmed

---

[9] To the extent the quoted portion of the transcript contains ambiguity regarding whether the "period of probation set by the [c]ourt" referred to Appellant's robbery conviction for which he was to receive 3 to 6 years' incarceration or his other convictions, the trial court expressly stated in imposing sentence that Appellant was sentenced to 5 years of probation on the robbery conviction. *See* N.T. 10/6/2011, p. 9. Further, the written sentencing order, which controls if it differs from the sentence imposed in open court, dispelled any lingering ambiguity as to whether the 5 years of probation were to be served consecutively to the period of incarceration by expressly stating as such. *See Commonwealth v. Quinlan*, 639 A.2d 1235, 1240 (Pa.Super.1994) (noting that trial courts do not have power to retroactively alter a written sentencing order once time for modification of sentence has expired). In any event, Appellant does not challenge that the trial court sentenced him to 5 years of consecutive probation on the robbery conviction, only that counsel did not inform him that such a sentence was a possibility.

that he understood all his rights, including that the court could impose consecutive sentences and that he would be bound by the terms of the plea bargain stated on the record before the judge. **See** Guilty Plea Explanation of Defendant's Rights, ¶¶ 5, 49, 57, 68. Appellant further acknowledged in the written guilty plea colloquy that he was entering the plea knowingly, voluntarily, and intelligently, that he had ample opportunity to consult with counsel, and that he was satisfied with counsel's representation. **See id.** at ¶¶ 52-56, 60-63. He is further bound by these written statements. **See McCauley**, **supra**.

At the PCRA hearing, trial counsel testified that, although he had no specific recollection of Appellant's guilty plea hearing, his normal practice is not to promise defendants anything regarding the terms of probation where an agreement called for the trial court to set the probationary period. **See** N.T. 12/4/2013, pp. 8-9. Appellant, on the other hand, testified trial counsel indicated Appellant was pleading guilty to 3 to 6 years' incarceration and that any probationary period would be served concurrently. **See id.** at 22-23. The PCRA court found trial counsel credible and Appellant incredible. **See** PCRA Court Opinion and Order, March 31, 2014, p. 2. We see no reason to disturb this credibility determination. **Commonwealth v. Spotz**, 84 A.3d 294, 319 (Pa. 2014) (noting Superior Court must defer to credibility

determinations of PCRA court that has personally observed demeanor of witnesses). Accordingly, we find Appellant's claim lacks merit.[10]

Next, Appellant claims that he did not knowingly waive his right to a pre-sentence report. *See* Appellant's Brief, pp. 11-12. This claim also fails.

The PCRA court explained its denial of this claim as follows:

[Appellant] claims he did not knowingly, intelligently or voluntarily waive his right to a pre-sentence report. What is lost on [Appellant] is that the time to accept the deal was when it was offered and he did so. Part of the deal was that sentence would be imposed immediately following the change of plea proceeding. The [c]ourt recognizes the right to a pre-sentence report in cases such as this. However, his right to a PSR springs from a rule of criminal procedure which generates its influence from the [D]ue [P]rocess [C]lause. Considering one has the ability to waive constitutional rights, the [c]ourt has no hesitation in concluding that [Appellant] can waive his right to a PSR within the confines of a guilty plea.

PCRA Court Opinion and Order, March 31, 2014, p. 2. We find this analysis supported by the evidence of record and free of legal error. *See Barndt*, *supra*; *see also Commonwealth v. Stockard*, 499 A.2d 598, 600 (Pa.Super.1985) (noting allegation that trial court undertook sentencing

---

[10] To the extent Appellant attempts to incorporate the claim that trial counsel was further ineffective for "failing to pursue a sentencing mitigation strategy through Allegheny County's [JRS][,]" we find such a claim unconvincing. *See* Appellant's Brief, pp. 9-10. For the reasons stated *supra*, Appellant knowingly and voluntarily entered into the October 6, 2011 plea agreement, even though it contained no JRS-based "mitigation."

without a presentence report does not go to the legality of the sentence imposed and can therefore be waived).

Order affirmed. Appellant's Motion for Extension of Time to File Reply Brief denied.[11]

Judgment Entered.

_Joseph D. Seletyn, Esq._
Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/27/2015

---

[11] Appellant bases his Motion for Extension of Time to File Reply Brief on yet-to-be-received JRS documents he claims "could make or break Appellant's case on appeal." **See** Motion for Extension of Time to File Reply Brief, p. 1. Because Appellant could not use any documents received pursuant to his JRS document release request to supplement the certified record and/or otherwise support claims in the instant appeal, we deny this motion. **See** Motion In Opposition to Motion for Extension of Time to File Reply Brief, p. 2; **see also Ruspi v. Glatz**, 69 A.3d 680, 690-91 (Pa.Super.2013) (noting that materials not in the certified record do not exist for purposes of appellate review.).